```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

---------------------------------x
UNITED STATES OF AMERICA         :
                                 :
v.                               :   CRIM. NO. 3:02CR00313(AWT)
                                 :
RAYMOND ORTIZ                    :
---------------------------------x
```

**RULING ON REQUEST FOR POST-BOOKER RESENTENCING UPON REMAND**

For the reasons set forth below, the defendant's request for resentencing set forth in the defendant's memorandum in support of resentencing (the "Defendant's Crosby Brief") (Doc. No. 53) is being denied.

On March 4, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Court of Appeals' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Pursuant to Crosby, a district court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fan Fan regime and counsel had availed themselves of their new opportunities to present relevant considerations . . ." Crosby, 397 F.3d at 117. "In making that threshold determination, the [district court] should obtain the views of counsel, at least in writing, but need not require the presence of the defendant . . . ." Id. at 120. However, the

district court need not hold a hearing in order to reach its decision as to whether to resentence the defendant. If, after considering the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, the court concludes "that the original sentence would have differed in a non-trivial manner from that imposed," id. at 118, then a full resentencing in compliance with Rule 32 of the Federal Rules of Criminal Procedure is required.

As an initial matter, the court notes that one of the arguments the defendant makes in support of his request for resentencing is that he is engaged in impressive post-sentencing rehabilitative efforts. However, such efforts cannot be taken into consideration in the context of the limited remand from the Court of Appeals here because a decision to resentence in this context must be "based solely on the circumstances that existed at the time of the original sentence." Crosby, 397 F.3d at 118 n. 19.

The court has treated the Sentencing Guidelines as advisory and considered the other arguments in the Defendant's Crosby Brief concerning his extensive criminal history being a consequence of his drug addiction, the fact that his federal sentence was not imposed to run concurrently with his state sentence, and his tragic personal history and lack of guidance as a youth. After considering the totality of the circumstances in this case, including the facts properly emphasized in the Defendant's Crosby

Brief, in light of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that it would not have sentenced the defendant to a different sentence had the Sentencing Guidelines been advisory at the time the sentence was imposed.

The court considered at the time of sentencing the defendant's contentions concerning his extensive criminal history category being a consequence of his drug addiction and concerning his personal history and lack of guidance as a youth.  The applicable Guidelines sentencing range was 188 to 235 months, a range of 47 months, and these factors were given dispositive weight by the court in concluding that it was appropriate to impose a sentence at the bottom of the applicable Guidelines sentencing range.  The defendant's arguments that the court could have awarded him credit for time served because of the delay in his being indicted and subsequently arrested and because his state court conviction for criminal possession of a weapon involved the same weapon used in the offense of conviction do not lead the court to conclude that it would have imposed a different sentence in this case.  At the time of sentencing, the court noted that several prison terms had not had any deterrent effect on the defendant, who had continued to commit increasingly more serious crimes despite having been incarcerated for long periods of time.  As part of the plea agreement, the government agreed to dismiss the charge in Count Two of the Indictment, i.e., use of a firearm during and in relation to a crime of violence in violation of 18

U.S.C. § 924(c)(1), a crime for which the defendant faced a possible additional consecutive term of ten years of imprisonment. In light of these facts, the court would not have decreased the defendant's sentence to reflect the delay in his being indicted and subsequently arrested on the federal charge, during which delay the defendant was serving time on the state charge, even if the two convictions involved the use of the same weapon. Thus the court's conclusion that the sentence imposed is the most appropriate sentence under all the circumstances remains unchanged.

Accordingly, the Judgment in a Criminal Case filed June 21, 2004 (Doc. No. 33) remains in full force and effect. The court notes that the mandate from the Second Circuit states that any appeal taken from this court's decision on remand can be initiated only by filing a new notice of appeal. See Fed. R. App. P. 3, 4(b).

It is so ordered.

Dated this 8th day of May 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge